■ In the Matter of the Estate of EDGAR M. LEVENTRITT, Deceased. JENNIE L. GADOWSKI et al., Appellants; ROSALIE J. LEVENTRITT et al., as Trustees, Respondents.—Order, Surrogate's Court, New York County, entered October 20, 1976, and two orders of the same court entered February 9, 1977, the first by Surrogate Di Falco and those following by Surrogate Spiegel upon decisions of Surrogate Di Falco, unanimously affirmed, with one bill of $40 costs payable by respondents-appellants to petitioners-respondents and respondent-respondent. The first of the orders formalized the court's ruling in this construction proceeding, closing the examination of a nonparty witness, T. Roland Berner, because of insistence on delving into irrelevancies concerning construction of other trusts. In the face of that ruling, the reasons for which were spelled out in the court's written decision, respondents-appellants served notice for production of documents having to do with the identical subject ruled irrelevant, and sought further examination of Berner. Relying on the court's earlier ruling, his wife did not move within the required time for a protective order (CPLR 3122) and respondents-appellants moved for default judgment. The situation was set aright by two decisions, implemented by the two later orders, relieving her of the default, denying further disclosure, and granting a protective order. Respondents-appellants' proceedings following the first order and while it was extant were entirely unwarranted. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.

■ In the Matter of 35 EAST 38TH STREET ASSOCIATES, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, et al., Appellants.—Judgment, Supreme Court, New York County, entered April 6, 1976, reducing the assessments on petitioner-respondent's property for the last three tax years of the period 1969-1970 through 1975-1976, unanimously reversed, to the extent appealed from, on the law and the facts, to reinstate the assessments for the tax years 1973-1974, 1974-1975, and 1975-1976, without costs and without disbursements. The reductions for the later three years were disproportionate to the actual increase in value of the property demonstrated by 14 neighborhood sales of comparable parcels in which the ration of assessments to acknowledged value factors was markedly higher. Other factors such as increases in the amount of mortgage and building insurance are consonant only with a conclusion that the reduction was not warranted for the period examined. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.